UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III, | ) C/A No.  4:14-2444-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Warden Willie Eagleton, individually and in his | ) |
| official capacity; Associate Warden Roland | ) |
| McFadden, individually and in his official capacity; | ) |
| IGC Angie Graves, individually and in her official | ) |
| capacity; Officer M. Thomas; Unknown Nurse | ) |
| Manager and Unknown Medical Doctor; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |

This is a civil action filed pro se by a state prison inmate. George Cleveland, III ("Plaintiff")

is incarcerated at the Evans Correctional, part of the South Carolina Department of Corrections

("SCDC") prison system. In the Complaint submitted in this case (ECF No. 1), he alleges that his

constitutional rights are being violated by the conditions of his confinement there. Plaintiff's

allegations primarily revolve around allegations that he is being denied access to a restroom outside

his cell and, in a related claim, that he is being forced to shower in stalls contaminated with human

waste.  He also alleges that prison officials have been deliberately indifferent to his medical needs.

Additionally, Plaintiff takes issue with the educational and vocational offerings available to him

while incarcerated.  Finally, Plaintiff alleges that there he is not allowed to fully utilize the inmate

grievance system.  Plaintiff seeks injunctive relief as well as damages.

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's pro se Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §

§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents:

Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir.2003).

However, even when considered under this less stringent standard, the undersigned finds, for the reasons set forth below, that Defendant Graves is entitled to dismissal as a party defendant without service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B). Additionally, Plaintiff's claims related to the educational and vocational offerings available to him while incarcerated are also subject to summary dismissal. The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights

2

elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)

(quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right

under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd.,

526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that

the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United

States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color

of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301,

310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Plaintiff seeks damages from Defendant Graves, who is identified as an inmate grievance

coordinator, because of the way the inmate grievance system at the Evans Correctional Institution

is functioning. Plaintiff alleges that Defendant Graves refuses to process his submitted grievances.

However, it is well settled that prison inmates have no federal constitutional right to have any inmate

grievance system in operation at the place where they are incarcerated. See, e.g., Adams v. Rice, 40

F.3d 72, 75 (4th Cir.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); Mann v. Adams, 855

F.2d 639, 640 (9th Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D.Va.1994). Furthermore,

simply because a state or local authority chooses to establish an inmate grievance system, that choice

does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See Mann. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case here, Defendant Graves cannot be held liable to Plaintiff under 42 U.S.C. § 1983 based on the allegations put forth against her by Plaintiff, and his Complaint should be partially dismissed as to these allegations, and Graves should be dismissed as a party Defendant. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986); Azeez v. DeRobertis, 568 F.Supp. 8, 9–11 (N.D.Ill.1982).

As previously stated, to state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution. Mentavlos, 249 F.3d at 310. The law is well settled, however, that an inmate has no constitutional right to participate in an educational or rehabilitative program. See Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir.1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); Joseph v. U.S. Federal Bureau of Prisons, 232 F.3d 901 (Table), 2000 WL 1532783, *2 (10th Cir. Oct.16, 2000); See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988) (holding a state has no constitutional obligation to provide basic educational or vocational training programs to prisoners); Abdul–Akbar v. Department of Corrs., 910 F.Supp. 986, 1002 (D.Del.1995) (stating plaintiff had no right to drug treatment, employment, or other rehabilitation, education, or training programs in prison). Accordingly, Plaintiff's claims based on the available educational and vocational opportunities should be summarily dismissed.

Plaintiff has also filed with the court a motion for a temporary restraining with regards to his allegations that he is being denied access to a restroom outside his cell and in a related claim that he is being forced to shower in stalls contaminated with human waste. After careful review and

consideration, it is recommended that Plaintiff's motion be denied at this time. Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 607 F.3d 355 (4th Cir.2010) ( per curiam ) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), now governs the issuance of preliminary injunctions. See Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir.2009), cert. granted and judgment vacated, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). Under the Winter standard, Plaintiff must demonstrate '"[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.' " Id. at 346 (quoting Winter, 555 U.S. at 20). All four requirements must be satisfied. Id. Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. Id.  Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. His alleged facts establish that he does have access to a restroom in his cell.  Moreover, he did not allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff merely speculates that he may fall victim to diseases or death as a result of human wastes on the shower floor, rather than provide the Court with specific information as to how he is currently being injured.

Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order be denied at this time.

RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss Defendant Graves as a party Defendant in this case. As well, it is recommended that Plaintiff's claims related to his dissatisfaction with the available educational and vocational offerings while incarcerated should likewise be dismissed.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202–04 (4th Cir.1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants with respect to Plaintiff's remaining claims.

s/Thomas E. Rogers, III

October 7, 2014  
Florence, South Carolina

Thomas E. Rogers, III  
United States Magistrate Judge

The plaintiff's attention is directed to the Notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).