IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:14-cv-2444-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Willie Eagleton, | ) | |
| individually and in his official | ) | |
| capacity; Associate Warden Roland | ) | |
| McFadden, individually and in his | ) | |
| official capacity; IGC Angie Graves, | ) | |
| individually and in her official | ) | |
| capacity; Officer M. Thomas; | ) | |
| Unknown Nurse Manager; and | ) | |
| Unknown Medical Doctor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff George Cleveland, III, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against the above named Defendants on June 19, 2014. *See* Compl., ECF No. 1. The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 21. In the Report and Recommendation, the Magistrate Judge recommends the Court dismiss Defendant Graves as a party defendant without service of process. *See id.* at 2, 6. Moreover, the Magistrate Judge also recommends the Court dismiss Plaintiff's claims related to his dissatisfaction with the available

---

[1] The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

educational and vocational offerings while incarcerated. *See id.* at 6. Finally, the Magistrate Judge recommends the Court deny Plaintiff's motion for a temporary restraining order. *See id.* at 5–6.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. **IT IS THEREFORE ORDERED** that Defendant Graves is **DISMISSED** as a party defendant without service of process. **IT IS FURTHER ORDERED** Plaintiff's claims related to his dissatisfaction with the available educational and vocational offerings while incarcerated are

**DISMISSED**.   Finally, **IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order, ECF No. 13, is **DENIED**.

     **IT IS SO ORDERED.**

                  s/ R. Bryan Harwell
                  R. Bryan Harwell
                  United States District Judge

Florence, South Carolina
November 4, 2014