UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | C/A No.  4:14-2444-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Warden Willie Eagleton, individually and in his | ) | |
| official capacity; Associate Warden Roland | ) | |
| McFadden, individually and in his official capacity; | ) | |
| IGC Angie Graves, individually and in her official | ) | |
| capacity; Officer M. Thomas; Unknown Nurse | ) | |
| Manager and Unknown Medical Doctor; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed pro se by a state prison inmate. George Cleveland, III ("Plaintiff")

is incarcerated at the Evans Correctional Institution.  This matter is currently before the court on

Plaintiff's motion for a Temporary Restraining Order (TRO) filed March 12, 2015.[1]  In the

Complaint submitted in this case (ECF No. 1), he alleges that his constitutional rights are being

violated by the conditions of his confinement there.  Plaintiff requests a TRO to "order Warden

Willie Eagleton of Evans Correctional Institution . . . to unlock while I'm and inmates simular[sic]

situated are outside cell-rooms in Waxhaw Dorm (A-side) Room Number: 161." (Doc. #79).[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this motion seeks injunctive relief, the report and recommendation is entered for review by the
District Judge.

[2] At the time Plaintiff filed his complaint, he alleged that he was housed in Waxhaw (b-
side) at Evans Correctional Institution where there was no functioning toilet outside his room.  It
is noted in his motion for TRO, Plaintiff asserts that he was moved to Waxhaw (a-side) on or

Defendants filed a response in opposition asserting that Plaintiff has failed to demonstrate that any of the four factors required by <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 19 (2008) weigh in his favor.

## **DISCUSSION**

In the motion for TRO, Plaintiff specifically states that "Warden Willie Eagleton is violating my 8th Amendment Constitutional Right under the United States Constitution by forcing me, [a]nd other inmates to urinate in a shower that water constantly flows in. And some inmates are even urinating in a shower with no running water which puts me at substantial risk of serious harm to my health, or safety." (<u>Id</u>.). As stated in the previous report and recommendation, his alleged facts establish that he does have access to a restroom in his cell. After careful review and consideration, it is recommended that Plaintiff's motion be denied at this time.

The standard articulated in <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), governs the issuance of preliminary injunctions. <u>See Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 607 F.3d 355 (4th Cir.2010) ( per curiam ) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). Under the <u>Winter</u> standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.' " <u>Id</u>. at 346 (<u>quoting</u>

---

about October 21, 2014. (Doc. #79, ¶¶ 6-7). From his allegations, there is a functioning toilet in cell #161 that is designated for a rest-room but complains that it is not always unlocked.

Winter, 555 U.S. at 20). All four requirements must be satisfied. Id. Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. Id.

Here, Plaintiff fails to satisfy the four factors. He alleges denial of access to a restroom when locked outside of his cell. He further asserts that he and other inmates have urinated in the shower stalls apparently when they have not had access to their cells. However, other than his own self-serving statements, he fails to show irreparable harm or that the equities tip in his favor. Decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983). Thus, Plaintiff fails to show that an injunction would be in the public interest. Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order be denied at this time.[3]

RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's motion for Temporary Restraining Order (doc. #79) be DENIED.

s/Thomas E. Rogers, III

April 15, 2015                             Thomas E. Rogers, III
Florence, South Carolina          United States Magistrate Judge

The plaintiff's attention is directed to the Notice on the next page.

---

[3] Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997).