UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | C/A No. 4:14-2444-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Warden Willie Eagleton, individually and in his official capacity; Associate Warden Roland McFadden, individually and in his official capacity; IGC Argie Graves, individually and in her official capacity; Officer M. Thomas; Unknown Nurse Manager; andd Unknown Medical Doctor, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion to Compel (doc. #62). Defendants Eagleton, McFAdden, and Thomas filed a response in opposition to Plaintiff's Motion. (Doc. #71). On March 16, 2015, Plaintiff filed a reply. (Doc. #82).

In his Motion to Compel, Plaintiff seeks an order compelling the production of certain documents and responses to interrogatories. Plaintiff's Request for Production of documents to Defendants and their responses are as follows:

> Request No. 2:   Provide the healthy heart food menu for breakfast, lunch, and dinner for the entire menu cycle, i.e., six (6) week menu.
>
> Response:   Counsel for Defendants objects to Request 2 on the grounds that it is overly broad and vague with regard to time. Notwithstanding said objection and without waiving same, counsel for Defendants agrees to contact SCDC and request responsive information and shall supplement this response at a later date in the event any responsive materials are secured from SCDC.

(Doc. #71-2).

Plaintiff's motion to compel with regard to Request No. 2 is granted. To the extent Defendants have not provided the supplemental responses to Plaintiff, they shall do so within fifteen (15) days of the date of this order.

| | |
|---|---|
| Request No. 3: | Provide the required number of calories for each meal. |
| Response: | Counsel for Defendants objects to Request 3 on the grounds that it is overly broad and vague with regard to time. Notwithstanding said objection and without waiving same, counsel for Defendants agrees to contact SCDC and request responsive information and shall supplement this response at a later date in the event any responsive materials are secured from SCDC. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Request No. 3 is granted. To the extent Defendants have not provided the supplemental responses to Plaintiff, they shall do so within fifteen (15) days of the date of this order.

| | |
|---|---|
| Request No. 5: | Include the available drink for questions 2 and 3 for each meal time. |
| Response: | Counsel for Defendants objects to Request 5 on the grounds that it is overly broad and vague with regard to time. Notwithstanding said objection and without waiving same, counsel for Defendants agrees to contact SCDC and request responsive information and shall supplement this response at a later date in the event any responsive materials are secured from SCDC. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Request No. 5 is granted. To the extent Defendants have not provided the supplemental responses to Plaintiff, they shall do so within fifteen

(15) days of the date of this order.

> Request No. 6: Provide the annual report the SCDC Director is required to write, type, and/or publish regarding the fiscal affairs of SCDC under state law for the past three (3) fiscal years.
>
> Response: Counsel for Defendants objects to Request 6 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Furthermore, counsel for Defendants object to Request 6 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this action and none of the individually named Defendants are authorized to testify on behalf of SCDC in response to Request 6.

(Doc. #71-2).

Plaintiff has not shown how this response is reasonably calculated to lead to admissible evidence based on his complaint. Furthermore, the request is directed to a person/entity not a party to this action. Thus, this request is denied.

> Request 7: Provide the amount of bonus money the Evans C.I. food service staff receives if certain objections and/or requirements are met for the past three (3) fiscal years.
>
> Response: Counsel for Defendant objects to Request 7 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Furthermore, counsel for Defendants objects to Request 7 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this action and none of the individually named Defendants are authorized to testify on behalf of SCDC in response to Request 7.

(Doc. #71-2).

This request is denied because it is not reasonably calculated to lead to admissible evidence appears to be directed to a person/entity not a party to this action. Thus, this request is denied.

| | |
|---|---|
| Request 10: | Provide the employee handbook for correctional officers, wardens, and the medical staff for the three (3) prior fiscal years starting with 2014. If the handbooks requested are the same without any changes or revisions, please only provide the latest version. |
| Response: | Counsel for Defendant objects to request 10 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence in this case. Furthermore, counsel for Defendants objects to Request 10 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this action and none of the individually named Defendants are authorized to testify on behalf of SCDC in response to Request 10. |

(Doc. #71-2).

This request is overly broad and Plaintiff fails to show how it could lead to the discovery of admissible evidence. Thus, this request is denied.

Plaintiff filed a motion to compel the answers to the following interrogatories asserting that Defendants did not give complete answers:

| | |
|---|---|
| Interrogatory 5: | What is her (Nurse Amy L. Smith's) educational level? |
| Answer: | Counsel for these Defendants objects to Interrogatory 5 on the grounds that it is vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Notwithstanding said objection and without waiving same, counsel for these Defendants states that, upon information and belief, Amy L. Smith, R.N., is a registered nurse. |

(Doc. #71-2).

Defendant's response to this request is sufficient. Therefore, Plaintiff's motion to compel with regard to this Interrogatory #5 is denied.

| | |
|---|---|
| Interrogatory 10: | Set forth the name and address of the company SCDC contracts with to provide medical care at Evans C.I. including but not limited to the contract start and end date, and the contract amount? |
| Answer: | Counsel for these Defendants objects to Interrogatory 10 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this action. Furthermore, none of the individually named Defendants are authorized to testify on behalf of SCDC with regard to the issues raised by Interrogatory 10. Notwithstanding said objections and without waiving same, counsel for these Defendants agrees to request information from SCDC in an effort to respond more fully to Interrogatory 10 and shall supplement this answer accordingly at a later date. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #10 is granted. To the extent the respective Defendants possess knowledge to respond to this interrogatory, they shall do so (and if without knowledge, they shall so state) within fifteen (15) days of the date of this order.

| | |
|---|---|
| Interrogatory 13: | List all medical positions available at Evans C.I. including salary ranges and qualifications for each particular medical position. |
| Answer: | Counsel for these Defendants objects to Interrogatory 13 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Counsel for these Defendants further objects to Interrogatory 13 on the grounds that it appears to be direct[ed] to SCDC and SCDC is not a named party to this litigation, nor are any of the individually named Defendants authorized to testify on behalf of SCDC with regard to the issues raised by Interrogatory 13. Notwithstanding said objections and without waiving same, these Defendants state that they are not personally in possession of information responsive to Interrogatory 13. |

(Doc. #71-2).

Plaintiff's motion to compel is denied as to Interrogatory #13. This interrogatory is overly broad, and Plaintiff fails to show how it would lead to the discovery of admissible evidence.

> Interrogatory 15: List the date of any and all dates Officer Thomas has been reprimanded while employed at Evans C.I.
>
> Answer: Counsel for these Defendants objects to Interrogatory 15 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this litigation, nor are any of the individually named Defendants who have been served in this case authorized to testify regarding the issues raised by Interrogatory 15. Notwithstanding said objections and without waiving same, counsel for these Defendants states that in the event Officer Thomas is identified and ultimately served with the Summons and Complaint in connection with this case, the undersigned agrees to request that Officer Thomas provide information responsive to Interrogatory 15.

(Doc. #71-2).

As indicated, Defendants agreed to respond once Officer Thomas was served. Therefore, the motion to compel is granted as to Interrogatory #15 and Defendants shall respond in accordance with the Federal Rules of Civil Procedure within fifteen (15) days from the date of this order.

> Interrogatory 16: List the initial training Officer Thomas had to complete before becoming a correctional officer at Evans C.I.
>
> Answer: Counsel for these Defendants objects to Interrogatory 16 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this litigation, nor are any of he individually named Defendants who have been served in this case authorized to testify regarding the issues raised by Interrogatory 16. Notwithstanding said objections and without waiving same, counsel for these Defendants states that in the event Officer Thomas is identified and ultimately served with the Summons and Complaint in connection with this case, the undersigned agrees to request that Officer Thomas provide information responsive to Interrogatory 16.

(Doc. #71-2).

As indicated, Defendants agreed to respond once Officer Thomas was served. Therefore, the motion to compel is granted as to Interrogatory #16 and Defendants shall respond in accordance with the Federal Rules of Civil Procedure within fifteen (15) days from the date of this order.

> Interrogatory 19: What is the SCDC policy number pertaining to correctional officer duty rounds or SCDC version of the word "Duty Rounds: where correctional officers walk to each inmate's cell door to unlock the door to allow the inmate to come out or go into their cell.
>
> Answer: Counsel for these Defendants objects to Interrogatory 19 on the grounds that it is vague and confusing. Notwithstanding said objection and without waiving same, counsel for these Defendants states that all unrestricted SCDC policies are available to inmates in the law library provided for them at the correctional institution where they are incarcerated. Accordingly, the information requested by Plaintiff in Interrogatory 19 is available to him by other means and the applicable rules of civil procedure does not require Defendants to review said policies for the purpose of attempting to respond to Interrogatory 19.

(Doc. #71-2).

Defendants' objection that Plaintiff has access to policies in the law library is not an appropriate response to this interrogatory. Thus, to the extent Defendants are aware of "the SCDC policy number pertaining to correctional officers duty rounds or SCDC version of the 'Duty Rounds,'" they shall respond to this interrogatory. If Defendants are not aware of a corresponding "policy number" as requested, Defendants shall respond accordingly.

> Interrogatory 22: What are Warden Eagleton, and A/W McFadden's educational level? Does SCDC require either to receive periodic training and/or continuing education? If so, when and what is the name of said training?

    Answer:    Counsel for these Defendants objects to Interrogatory 2 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case. Counsel for these Defendants further objects to Interrogatory 22 on the grounds that it appears to be directed in part to SCDC and SCDC is not a party to this action, nor are any of the individually named Defendants authorized to testify on behalf of SCDC regarding the issues raised by Interrogatory 22.

(Doc. #71-2).

Plaintiff fails to show how this overly broad interrogatory request is reasonably calculated to lead to admissible evidence. Nonetheless, Defendants shall provide the education level of Warden Eagleton and Assistant Warden McFadden within fifteen (15) days of the date of this order.

    Interrogatory 24:    Set forth all requests including dates for funding by Warden Eagleton or other Evans C.I. staff to provide more security to the window in Waxhaw B-side Room number 151?

    Answer:    Counsel for these Defendants objects to Interrogatory 24 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in this case. Counsel for these Defendants further objects to Interrogatory 24 on the grounds that it appears to be requesting information related to SCDC funding and/or security issues and SCDC is not a party to this litigation, nor are any of the individually named Defendants authorized by SCDC to testify on behalf of SCDC with regard to any issues raised by Interrogatory 24.

(Doc. #71-2).

Plaintiff's motion to compel granted with regard to Interrogatory #24. Defendants shall respond to the extent of their respective knowledge for the annual year 2014.

    Interrogatory 26:    Is there a SCDC policy and/or cleaning schedule pertaining to the sanitation and/or cleaning of shower stalls in Waxhaw

8

|               |                                                                 |
|---------------|-----------------------------------------------------------------|
|               | B-side?                                                         |
| Answer:       | Counsel for these Defendants objects to Interrogatory 26 on the grounds that it is vague and confusing. Notwithstanding said objection and without waiving same, counsel for these Defendants states that all unrestricted SCDC policies are available to inmates in the laws library provide for them at the correctional institution where they are incarcerated. Accordingly, the information requested by Plaintiff in Interrogatory 26 is available to him by other means and the applicable rules of civil procedure do not require Defendants to review said policies for the purpose of attempting to respond to Interrogatory 26. |

(Doc. #71-2).

Defendants' objection that Plaintiff has access to policies in the law library is not an appropriate response to this interrogatory. Thus, to the extent Defendants are aware of "the SCDC policy and/or cleaning schedule pertaining to the sanitation and/or cleaning of shower stalls in Waxhaw B-side," they shall respond to this interrogatory. If Defendants are not aware of such a "policy " as requested, Defendants shall respond accordingly.

|                    |                                                                 |
|--------------------|-----------------------------------------------------------------|
| Interrogatory 28:  | Provide a list of inmates who have died while in the custody of Evans Correctional for the last three (3) years of the fiscal year. |
| Answer:            | Counsel for these Defendants objects to Interrogatory 28 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in this case. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #28 is denied as the request is overly broad, and Plaintiff fails to show how it is reasonably calculated to lead to the discovery of

admissible evidence.

| | |
|---|---|
| Interrogatory 30:[1] | Provide the number of medical staff who work on each shift. |
| Answer: | Counsel for these Defendants objects to Interrogatory 30 on the grounds that it is vague with regard to the phrase "medical staff." Counsel for these Defendants further objects to Interrogatory 30 on the grounds that it appears to be direct[ed] to SCDC and SCDC is not a party to this litigation, nor are any of the individually named Defendants authorized to testify on behalf of SCDC with regard to the issues raised by Interrogatory 30. overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Counsel for these Defendants further objects to Interrogatory 31 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this litigation, nor are any of the individually named Defendants authorized to testify on behalf of SCDC with regard to the issues raised by Interrogatory 30. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #30 is granted and Defendants are instructed to provide this information to Plaintiff within fifteen (15) days from the date of this order; provided, however, Defendants may seek protection of any information which may be classified for security reasons.

| | |
|---|---|
| Interrogatory 32: | Provide the number of total number of medical positions budgeted for Evans C.I. including the current number of open medical positions from January 1, 2011 through October 31, 2014. |
| Answer: | Counsel for these Defendants objects to Interrogatory 32 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Counsel for these Defendants further objects to Interrogatory 32 on the grounds |

---

[1] Plaintiff includes interrogatory "k" in his motion. However, it does not appear that this interrogatory was included in the discovery served on the Defendants.

>    that it appears to be directed to SCDC and SCDC is not a party to this litigation, nor are any of the individually named Defendants authorized to testify on behalf of SCDC with regard to the issues raised by Interrogatory 32.

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #32 is granted. To the extent the respective Defendants possess knowledge to respond to this interrogatory, they shall do so (and if without knowledge, they shall so state) as to the 2014 calendar year within fifteen (15) days of the date of this order.

>    Interrogatory 35:   To whom makes the decision to call an ambulance if an inmate needs emergency medical care from January 1, 2011 through October 31, 2014?
>
>    Answer:   Counsel for these Defendants objects to Interrogatory 35 on the grounds that it is vague and confusing. Counsel for these Defendants further objects to Interrogatory 35 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this action, nor are any of the individually named Defendants authorized by SCDC to testify on behalf of SCDC with respect to the issues raised by Interrogatory 35.

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #35 is granted. Defendants shall provide the information to the Plaintiff within fifteen (15) days from the date of this order.

>    Interrogatory 43:   Are there any CPR certified correctional officers at Evans CI?
>
>    Answer:   Counsel for these Defendants objects to Interrogatory 43 on the grounds that it is overly broad and unduly burdensome to the extent it would require these Defendants to conduct an investigation of the certifications held by all correctional officers at Evans Correctional Institution. Counsel for these Defendants further objects to Interrogatory 43 on the grounds that it is not reasonably calculated to lead to the discovery of

admissible evidence in this case.

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #43 is denied. Plaintiff fails to show how it is reasonably calculated to lead to discovery of admissible evidence.

| | |
|---|---|
| Interrogatory 46: | The number of inmates who have plead guilty or found guilty to urinating in the shower stalls in Waxhaw B-side from January 1, 2014 through October 1, 2014. |
| Answer: | Counsel for these Defendants objects to Interrogatory 46 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case inasmuch as it appears to relate to other inmates. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #46 is granted. Defendants shall respond within fifteen (15) days of the date of this order.

| | |
|---|---|
| Interrogatory 50: | Are there audits conducted by an outside state and/or federal related inspection at Evans C.I. If so, what is the name(s) of the agency(s) and how often do they agency(s) conduct the audit(s)? |
| Answer: | Counsel for these Defendants objects to Interrogatory 50 on the grounds that it appears to be directed to SCDC and SCDC is not a party to this litigation, nor are any of the individually named Defendants authorized to testify on behalf of SCDC with respect to the issues raised by Interrogatory 50. |

(Doc. #71-2).

Plaintiff's motion to compel with regard to Interrogatory #50 is denied as the request is not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, Plaintiff''s motion to compel is granted in part and denied in part as set forth

above.

      IT IS SO ORDERED.

                                                            s/Thomas E. Rogers, III  
                                                            Thomas E. Rogers, III  
                                                            United States Magistrate Judge

June 17, 2015  
Florence, South Carolina