IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George Cleveland, III, ) | Civil Action No.: 4:14-cv-2444-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Willie Eagleton, ) | |
| individually and in his official ) | |
| capacity; Associate Warden Roland ) | |
| McFadden, individually and in his ) | |
| official capacity; Officer M. ) | |
| Thomas; Unknown Nurse Manager ) | |
| and Unknown Medical Doctor, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Plaintiff George Cleveland, a state prisoner proceeding *pro* se, filed this action, alleging that Defendants have subjected him to unconstitutional conditions of confinement while incarcerated at Evans Correctional Institution. Plaintiff has filed a Motion for Emergency Temporary Restraining Order (ECF No. 79), which is now before the Court.[1] This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] In the R&R, the Magistrate Judge recommends that the Court deny the motion.

Plaintiff, who is incarcerated at Evans Correctional Institution, filed this 42 U.S.C. § 1983 action in June of 2014 against the defendants. In the portion of the Complaint relevant to the

---

[1] The Court denied a previous motion for TRO made on similar grounds in an order adopting a report and recommendation recommending such denial after the plaintiff filed no objections. (ECF No. 30)

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

motion for temporary restraining order, he asserts that his Eighth Amendment rights are being violated on the basis that, although he has a working toilet *inside* his cell, he is allegedly denied access to the toilet *outside* his cell. He also asserts that the shower stalls are contaminated with human waste because inmates lack access to the toilet outside his cell and are relieving themselves in the shower. The Magistrate Judge issued his R&R on April 15, 2015, R&R, ECF No. 90, and Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 95.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends denying the plaintiff's motion for temporary restraining order.[3] Despite Plaintiff's objections, the Court finds no error in the Magistrate Judge's recommendation. As set forth by the Magistrate Judge, the standard enunciated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) applies.[4] Under the *Winter* standard, a plaintiff must show "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. Here, the plaintiff has not shown these factors. In particular, he has not shown that he is likely to suffer irreparable harm or that the equities tip in his favor. Finally, he has not shown that an injunction would be in the public interest.

The Court has thoroughly analyzed the entire record, including the complaint, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R. **IT IS THEREFORE ORDERED** that Plaintiff's [79] Motion for Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

June 24, 2015
Florence, South Carolina

---

[3] Fed. R. Civ. P. 65(b) deals with the issuance of a TRO without written or oral notice to the adverse party. Since the defendants received notice and filed a response in opposition to the motion, it would more appropriately be considered as a Rule 65(a) motion for preliminary injunction. Nevertheless, both a preliminary injunction and a temporary restraining order are extraordinary remedies which are governed by the same general standards. *See Luther v. Wells Fargo Bank, N.A.*, No. 4:13cv00072, 2014 WL 43694 (Jan. 6, 2014).

[4] Plaintiff asserts in his objections that "[t]he the *Winter* standards cannot be applied here because the facts under *Winter* involves (sic) the safety of marine mammals swimming near the sonar-training conducted by the United States Navy . (ECF No. 95, p. 4) The Plaintiff is incorrect. Although the facts of *Winter* are different from the facts alleged in the case at bar, *Winter* still sets forth the applicable legal standard.