UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:14-cv-02444-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Willie Eagleton, individually and in his official capacity; Associate Warden Roland McFadden, individually and in his official capacity; Officer M. Thomas; Unknown Nurse Manager; and Unknown Medical Doctor, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff George Cleveland, III, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 131. The Magistrate Judge recommends that the Court (1) deny Plaintiff's motion for a temporary restraining order, (2) deny Plaintiff's motion for a protective order, (3) grant Defendants' motion for summary judgment in its entirety and dismiss Plaintiff's case, and (4) deem as moot any outstanding motions. R & R at 15.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 131] of the Magistrate Judge. It is therefore **ORDERED** that (1) Plaintiff's motion for a temporary restraining order [ECF No. 117] is **DENIED**; (2) Plaintiff's motion for a protective order [ECF No. 119] is **DENIED**; (3) Plaintiff's motion for sanctions is **DENIED AS MOOT**; (4) Plaintiff's motion to recuse [ECF No. 133] is

---

[2] Within the time period for filing objections, Plaintiff filed a motion seeking to recuse the undersigned district judge. *See* ECF No. 133. Under 28 U.S.C. § 455, a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Plaintiff asserts recusal is necessary because the undersigned has a "personal bias" in light of the undersigned's prior rulings in this case. *See* ECF No. 133 at 1-2; ECF No. 133-1 at 2-3. Plaintiff fails to state a proper basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because Plaintiff asserts no other premise for recusal and because the undersigned discerns no basis on which his impartiality might reasonably be questioned, the Court will deny Plaintiff's motion for recusal.

**DENIED**; and (5) Defendants' motion for summary judgment [ECF No. 86] is **GRANTED** in its entirety and this case is **DISMISSED** *with prejudice*.  The Court directs the Clerk to **CLOSE** this case.

    **IT IS SO ORDERED.**

Florence, South Carolina  
December 15, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge
