UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:14-2444-RBH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Willie Eagleton, *individually and in* | ) | |
| *his official capacity*; Associate Warden | ) | |
| Roland McFadden, *individually and in his* | ) | |
| *official capacity*; Officer M. Thomas; | ) | |
| Unknown Nurse Manager; and Unknown | ) | |
| Medical Doctor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff George Cleveland, III, currently incarcerated at Turbeville Correctional Institution and

proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants subjected

him to unconstitutional conditions of confinement while he was incarcerated at Evans Correctional

Institution ("ECI"). Defendants have filed a Motion for Summary Judgment [ECF #86], which is now

before the Court. Plaintiff has filed a Motion for Temporary Restraining Order [ECF #117] and a

Motion for Protective Order [ECF #119], which are also before the Court. This matter is before the

Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge

Thomas E. Rogers, III, filed on November 12, 2015. [ECF #131]. This matter was referred to the

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R,

the Magistrate Judge recommends denying both of Plaintiff's motions and granting Defendants' motion

1

for summary judgment in its entirety.  On December 16, 2015, after several extensions, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. [ECF #141].

## Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in June 2014 against Defendants, alleging violations of his constitutional rights, including allegations that he was denied access to an extra restroom outside his cell and allegations that he was being forced to shower in stalls contaminated with human waste. [ECF #1].  At all times relevant to the allegations contained within the Complaint, Plaintiff was incarcerated at ECI.

On April 10, 2015, Defendants filed a motion for summary judgment as to Plaintiff's claims related to complaints that prison officials have been deliberately indifferent to his medical needs, denied him access to a restroom outside his call, and forced him to shower in unsanitary conditions. [ECF #86, p. 2].[1]  On August 10, 2015, Plaintiff filed a response in opposition to Defendants' motion for summary judgment. [ECF #116].  Several days later, Plaintiff filed a motion for a temporary restraining order, requesting relief from specified disciplinary procedures at MacDougall Correctional Institution ("MCI"), where he was transferred around May 2015. [ECF #117].  Defendants filed a response to the motion on September 8, 2015. [ECF #123].  Approximately a week after filing his motion for a temporary restraining order, Plaintiff also filed a motion for a protective order, requesting similar relief as requested in his earlier-filed motion. [ECF #119].  He includes an additional allegation regarding a locker search resulting in a loss of personal items. [ECF #119, p. 5].  Defendants also filed a response to this motion on September 11, 2015. [ECF #125].

---

[1] Plaintiff raised additional claims in his Complaint.  However, these claims were dismissed by Order of Judge Harwell, filed November 4, 2014. [ECF #30].

On November 12, 2015, Magistrate Judge Thomas E. Rogers, III issued his Report and Recommendation ("R&R") recommending that Plaintiff's motion for a temporary restraining order be denied as moot, because Plaintiff had been transferred to Turbeville Correctional Institution. Alternatively, the Magistrate Judge recommends that both motions filed by Plaintiff be denied because Plaintiff has failed to show that he has been subjected to a real and immediate threat of harm pursuant to *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) and has failed to meet the standard for preliminary injunctions established in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). The Magistrate Judge also recommends granting the motion for summary judgment filed by Defendants on the basis that Plaintiff has not presented evidence to create a genuine issue of material fact for each of the remaining claims.

## Standards of Review

### I.     Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not

3

conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

## II.    Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Defendants move for summary judgment and seek dismissal of Plaintiff's § 1983 action arguing Plaintiff is unable to satisfy the legal standard for the requested relief. Defendants argue they are entitled to summary judgment for the following reasons: (1) Defendants are entitled to the defense of qualified immunity; (2) Plaintiff fails to state a valid cause of action alleging deliberate indifference to his medical needs; (3) Plaintiff's claims regarding conditions of confinement do not rise to the level of constitutional violations; (4) Plaintiff has not shown evidence of a physical injury; (5) Plaintiff's allegations that some or all of the Defendants failed to follow correctional institution policies do not

demonstrate claims of constitutional rights violations; (6) respondeat superior is inapplicable to 42 U.S.C. § 1983 actions; (7) Plaintiff may not seek damages under 42 U.S.C. § 1983 against the State or against a state official in his or her official capacity; (8) Plaintiff's allegations regarding his staff requests do not demonstrate claims of constitutional rights violations; (9) Plaintiff does not state a viable supervisory liability claims against Defendants Eagleton and McFadden; (10) any alleged conspiracy claim must fail; (11) any state law claims should be dismissed under the discretion of the court; (12) any request for injunctive relief is without merit; and (13) Plaintiff's claims are frivolous under the Prison Litigation Reform Act.

## Discussion

### I. Objections related to the Temporary Restraining Order and Protective Order

Plaintiff filed a motion for a restraining order on August 20, 2015 seeking to enjoin the South Carolina Department of Corrections ("SCDC") and MacDougall Correctional Institution ("MCI") from holding a disciplinary hearing and/or subjecting Plaintiff to other disciplinary procedures. The motion for a protective order that Plaintiff filed on August 27, 2015 reiterates similar arguments as those found in the motion requesting a restraining order. Plaintiff also seeks to enjoin MCI from transferring him to a different location. Approximately a week after filing the motion for a restraining order, Plaintiff was transferred to Turbeville Correctional Institution.

In the R&R, the Magistrate Judge considered Plaintiff's request to enjoin the SCDC and MCI from the alleged behavior. Aside from determining that the motions are now moot because Plaintiff is no longer at MCI, the Magistrate Judge recommends denying the motions because Plaintiff has failed to satisfy the requirements for injunctive relief set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

5

Plaintiff's objections (numbered 2 through 6) raise several issues related to these motions. First he objects to the Magistrate Judge's statement that his motion was filed on August 20, 2015. [ECF #141, p. 2]. It appears that the envelope attached with the motion was stamp "received" by the MCI mail room on August 17, 2015. [ECF #117-2]. In any event, the timeliness of Plaintiff's motions is not at issue in the analysis; therefore, this objection is summarily overruled.

Plaintiff further objects to the analysis of his motions under *Winter v. Natural Resources Defenses Council, Inc.*, 555 U.S. 7 (2008). *Winter* sets forth the four requirements a petitioner seeking a preliminary injunction must meet: (1) likeliness of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) balance of the equities tips in petitioner's favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. 18 U.S.C. § 3626(a)(2) does not provide an alternative legal standard for analyzing the request for an injunction. In considering the requirements of *Winter*, this Court finds that Plaintiff has neither established a likelihood that he will succeed on the merits, nor established he will suffer irreparable harm should he be subjected to disciplinary procedures or transferred to a different prison location. Further, courts generally allow prison administration the discretion to determine the most efficient manner to run the prison system. *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities."). Accordingly, the objections related to the use of the *Winter* standard to analyze Plaintiff's request for an injunction or protective order are overruled.

Plaintiff also objects to the Magistrate Judge's alleged failure to consider the Declaration filed concurrently with his motion for a temporary hearing. [ECF #117-1]. Plaintiff's declaration states that

6

he was told he would have a disciplinary hearing on August 19, 2015 for an alleged abuse of privileges. [ECF #117-1, p. 1]. Plaintiff alleges that this abuse of privileges charge is related to his request for 400 sheets of legal paper to file various pleadings in the several court cases he currently has pending. [ECF #117-1, p. 2]. It appears that Plaintiff believes this filing was not considered because the hearing was actually held on August 19, 2015, and he was thereafter transferred to another location. However, this Court notes that Plaintiff did not give his motion to a prison official until the day before the hearing; thus, the Magistrate Judge would not have had the time to rule on the motion by the next day. Plaintiff asserts in his declaration that he was provided at least one hundred sheets of paper, pens, and envelopes, as requested. Plaintiff otherwise provides no basis for his belief that the Magistrate Judge did not consider his filings. Therefore, this objection is overruled.

Finally, Plaintiff objects to the substantive denial of his restraining order due to the alleged offense by the SCDC of abuse of privileges, retaliation for requesting legal paper, denial of access to the courts, lock-up sanctions, and a prison transfer pursuant to *Lewis v. Casey*, 518 U.S. 343 (1996). In *Lewis*, several inmates alleged that their constitutional right of access to the courts was violated because of alleged inadequate legal materials and services. 518 U.S. at 346-47. The *Lewis* Court stated that prisoners do not have an absolute right to a law library. *Id.* at 351. Instead, an individual must show that the alleged shortcomings of the prison's legal services hindered his efforts to pursue a legal claim. *Id.* Here, Plaintiff has not only been provided legal paper (albeit not in the large quantity he requests) and other materials, but it does not appear that he has been hindered in his efforts to pursue his legal claim, based in part on the volume of pleadings he has filed. Accordingly, this Court overrules Plaintiff's objection that he has suffered any prejudice under *Lewis*.

**II. Objections Related to the Summary Judgment Motion**

**A. Plaintiff's Claims Regarding Facilities and Medical Needs**

The Magistrate Judge recommends granting summary judgment to Defendants on Plaintiff's claim related to unconstitutional conditions of confinement. [ECF #131, p. 7]. The Magistrate Judge also recommends granting summary judgment for Defendants as to Plaintiff's allegations that Defendants were deliberately indifferent to his medical needs, specifically Plaintiff's claim that Defendants were not addressing his high cholesterol issues. [ECF #131, p. 10].

Plaintiff's objects on the ground that the Magistrate Judge failed to consider Plaintiff's "subjective and objective evidence," specifically medical records and a declaration he filed in this case. [ECF #141, pp. 6-7]. In order to prove that the conditions of confinement violated constitutional requirements, Plaintiff must show: (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions on the part of Defendants. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Plaintiff must further demonstrate he suffered a serious or significant physical or mental injury as a result of the prison conditions. *Id.* at 1380-81. In *Shakka v. Smith*, an inmate alleged he was subjected to cruel and unusual punishment by prison officials who refused to let him shower for three days after human excrement and urine were thrown on him, and instead only provided him with water and cleaning materials to clean himself. 71 F.3d 162, 168 (4th Cir. 1995). He further alleged that prison officials were deliberately indifferent to his medical needs by depriving him of a wheelchair. *Id.* at 166-167. The *Shakka* Court affirmed the grant of summary judgment to the prison officials. *Id.* With respect to the inmate's inability to shower for three days, the court found that he was not deprived of the minimal civilized measures of human necessities because he was provided water and cleaning

supplies. *Id.* at 168.   Further, the court held that Shakka did not present any evidence that he was subjected to a significant risk of harm. *Id.*

Plaintiff does not provide a reasoned basis for his contention that the Magistrate Judge did not consider the exhibits he provided along with his pleadings.  However, in considering *de novo* the evidence brought forth by Plaintiff, this Court agrees with the Magistrate Judge that Plaintiff has not made the requisite showing needed to overcome the granting of summary judgment to Defendants. Plaintiff had access to a bathroom in his cell.  With respect to the shower stall conditions, he has not provided evidence that he suffered a serious or significant injury, including in the documents he alleges the Magistrate Judge did not consider in his analysis.

In order to show Defendants were deliberately indifferent to his medical needs, Plaintiff must show the Defendants knew of and disregarded the risks posed by his serious medical needs. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).  The Magistrate Judge pointed out that Plaintiff was not on medication when he came to ECI.  Despite this fact, Plaintiff still received a blood screen and was put on a heart healthy diet, though he was removed from the diet after noncompliance.  Plaintiff then had his blood tested several months later, and his levels had improved. [ECF #131, p. 11].  The medical documents provided by Plaintiff showing the number of times he received some sort of medical treatment do not support his claim that prison officials were deliberately indifferent to his needs. Accordingly, this Court does not find that the evidence Plaintiff alleges was not considered by the Magistrate Judge would otherwise provide the existence of a material fact warranting the denial of the summary judgment motion.  Therefore, this Court overrules this objection.

Plaintiff raises several related objections (numbered 8 through 14) to the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted.  First, he alleges that the

9

Magistrate Judge failed to consider documents attached to his response to the motion for summary judgment [ECF #116-1], along with his other filed declarations in the Magistrate Judge's analysis of the Defendants' motion. A *de novo* review of the medical records and filed declarations reveal that the documents re-allege the same allegations found within his Complaint.  Plaintiff filed his response in opposition to the summary judgment motion on August 10, 2015. [ECF #116].  The Magistrate Judge issued his R&R approximately three months later.  Within the R&R, the Magistrate Judge notes that Plaintiff filed this response in opposition to the summary judgment motion. [ECF #131, p. 1].  The Magistrate Judge also analyzes Plaintiff's claims regarding access to a restroom and the prison officials' indifference to his medical needs. [ECF #131, pp. 7-10].  These are the same or similar issues that are referenced within the medical records attached to this response by Plaintiff. Plaintiff does not otherwise point to any specific information within the documents or declarations that he believes the Magistrate Judge did not consider.  In fact, the Magistrate Judge states that he reviewed Plaintiff's medical records. [ECF #131, p. 10]. Further, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to present evidence of a serious injury. [ECF #141, p. 7].  However, Plaintiff again points to his grievance forms (which he alleges were unprocessed) and his filed declarations, all of which simply reiterate the claims alleged in his Complaint without substantiating the type of serious injury required to state a cognizable claim.  This Court finds that Plaintiff's grievance forms do not show evidence of a serious injury sufficient to meet the *Strickler* standard.  Therefore, this Court overrules these objections.

Next, Plaintiff objects to the Magistrate Judge's characterization of his claims, alleging it is in violation of Federal Rule of Civil Procedure 56(c). In a related objection, he objects to the alleged failure by the Magistrate Judge to compare his opposition to the summary judgment motion with Amy

L. Smith's affidavit.[2]  Federal Rule 56(c) requires a party asserting that a fact is genuinely disputed to support the assertion by: "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials."  Thus, this Rule  creates a burden upon the parties to support assertions with facts.  It does not specifically require a trier of fact to systematically quote or compare and contrast within the R&R specific parts of the record when considering a motion for summary judgment.  In fact, it appears from a review of the R&R that the Magistrate Judge considered both Plaintiff's allegations with the medical records and the affidavit of Ms. Smith provided by Defendants.[3]  Thus, it appears from a review of the Magistrate Judge's R&R that he reviewed the pleadings and evidence presented both in favor of and in opposition to the motion for summary judgment.  Therefore, Plaintiff's objections are overruled.

Plaintiff further objects to a portion of the R&R where the Magistrate Judge makes a recommended finding based upon his review of the record, including the medical records, as "vague." Specifically, Plaintiff argues that the Magistrate Judge did not identify which portions of the record, besides the medical records, he reviewed.  To the contrary, this Court notes that the Magistrate Judge clearly stated that he reviewed the record, which included all filings from the Plaintiff up to that point in time.  [ECF #131, p. 10].  Further, this finding by the Magistrate Judge specifically related to Plaintiff's claim that one or more of the named Defendants were indifferent to his serious medical needs.  It appears that the Magistrate Judge adequately considered the relevant portions of the record

---

[2] Amy L. Smith is employed with SCDC as the Health Care Authority.  She reviewed Plaintiff's records and provided an affidavit for Defendants.

[3] For example, the Magistrate Judge discusses Plaintiff's assertions that he sent several medical requests to ECI, his allegations regarding the risk of developing a "fatty liver," and his allegations that the medical staff did not act in a reasonable amount of time related to his alleged medical conditions. [ECF #131, p. 8].

in considering whether summary judgment is warranted as to this claim. This Court's independent review of the medical records does not reveal any evidence to support Plaintiff's claims that prison officials were deliberately indifferent to his serious medical needs. Therefore, Plaintiff's objection is overruled.

Plaintiff also raises several objections related to the quoted portions of the record that the Magistrate Judge cites in support of his proposed findings and recommendation. In evaluating Plaintiff's claim that Defendants were deliberately indifferent to his medical issues, the Magistrate Judge set forth Plaintiff's allegations regarding the lack of treatment he received from Defendants. The Magistrate Judge next sets forth the information provided by Defendants via affidavit testimony from Amy L. Smith and Plaintiff's medical records. Specifically, Plaintiff objects that the Magistrate Judge did not also consider his statement in his declaration that he was not aware of the compliance requirements for a heart-healthy diet.[4] Plaintiff fails to establish that the Magistrate Judge did not also consider his declaration. The Magistrate Judge provides several reasons for finding that Plaintiff did not present sufficient evidence to create a genuine issue of material fact regarding this claim. [ECF #131, p. 10]. Finally, as the Magistrate Judge pointed out, even taking all of Plaintiff's allegations to be true, Plaintiff only proves that he *disagreed* with the provided medical treatment, not that he was *denied* medical treatment. In fact, a review of medical records provided by both Plaintiff and Defendants show that Plaintiff received some form of medical treatment approximately eight times

---

[4] Plaintiff states that he was "never informed by my E.C.I. medical staff, any S.C.D.C. staff member, or any other E.C.I. staff, nor did I sign anything that I knew about a certain amount of meals had to be eaten on the heart healthy diet." [ECF #116-2, p. 4].

between January 1, 2014, and September 15, 2014. [ECF #86-2, pp. 4-12] and [ECF #116-1, pp. 3-6].

Accordingly, this Court overrules Plaintiff's objections.

### B. Qualified Immunity Objections

Plaintiff also raises several objections (numbered 15 through 16) to the Magistrate Judge's finding that even if Plaintiff could prove that Defendants violated his constitutional or statutory rights, Defendants are entitled to qualified immunity. Plaintiff argues that the Magistrate Judge erred in failing to analyze qualified immunity under the two-pronged analysis set forth in *Tolan v. Cotton*, 134 S. Ct. 1861 (2014).[5] In determining whether qualified immunity is appropriate, the Court must decide: (1) whether Plaintiff has alleged facts sufficient to make out a violation of a constitutional right; and (2) whether the right was "clearly established" at the time of Defendants' alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 232 (2001). The Court may address these requirements in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "A constitutional right is 'clearly established' when 'its contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Where discovery has been conducted, the Court's inquiry is to assess whether Plaintiff has sufficiently supported the allegations of his Complaint, including his description of the alleged misconduct. *Cloaninger ex rel Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009).

Here, Plaintiff alleges he was intentionally deprived of access to a restroom, forced to shower where other inmates relieved themselves, and was intentionally deprived access to medical care.

---

[5] In *Tolan*, the Supreme Court stated that in resolving questions of qualified immunity, courts must first ask whether the facts taken in the light most favorable to the party asserting injury show the officer's conduct violated a federal right. *Id.* at 1865. Second, courts must ask whether the right in question was a clearly established statutory or constitutional right at the time of the violation. *Id.* at 1866.

Plaintiff argues that these are violations of the Eighth Amendment, which prohibits the government from imposing cruel and unusual punishment. Beyond these allegations, he does not otherwise establish what constitutional right has been violated. As the Magistrate Judge explained, despite Plaintiff's protestations to the contrary, Plaintiff failed to show Defendants violated any of his constitutional rights. [ECF #131, p. 13]. The evidence as set forth in the record shows that Plaintiff had access to a bathroom within his cell, and neither he nor other inmates were forced by prison staff to relieve themselves in the showers. Further, it appears that Plaintiff received continuous medical treatment. Beyond that, qualified immunity acts as a shield to prevent government officials, provided their conduct does not violate a clearly established statutory or constitutional right. *Sheehan*, 735 F.3d at 153. Plaintiff has not shown that Defendants violated a right that has been "clearly established." While Plaintiff may desire access to a restroom *outside* his cell, in addition to *inside* his cell, the fact that he allegedly does not have the latter option does not violate a clearly established constitutional or statutory right. Further, Plaintiff has not proven that prison officials have forced him to shower in unsanitary conditions or otherwise denied him access to medical care. Therefore, this Court overrules Plaintiff's objections regarding the application of qualified immunity.

### C. Eleventh Amendment Immunity Objection

Plaintiff objects to the Magistrate Judge's finding that Defendants are entitled to immunity under the Eleventh Amendment because he argues that he sued officials in both their individual and their official capacity. The Eleventh Amendment bars individuals from bringing suits in federal courts for money damages against an "unconsenting State." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Therefore, the Magistrate Judge found that pursuant to the Eleventh Amendment, to the extent Defendants have been sued in their "official capacity," i.e., against the state itself; the case must be

14

dismissed. *Will v. Mich. Dept. Of State Police*, 491 U.S. 58 (1989). To the extent Plaintiff objects to this analysis because he has also sued Defendants in their "individual" capacity, those claims are barred for other reasons previously discussed in this Order. Therefore, Plaintiff's objection is overruled.

### D. Pendent Jurisdiction Objection

Plaintiff objects to the application of the doctrine of pendent jurisdiction because he claims his Eighth Amendment claim against Defendant Thomas cannot be dismissed by the federal courts, as South Carolina courts have original jurisdiction over this claim. Plaintiff's objection is unfounded. A federal court may decline to continue a lawsuit that has "pendent claims" if the district court has previously dismissed the claims in the lawsuit over which the federal court has original jurisdiction. 28 U.S.C. § 1367(c). Plaintiff is simply incorrect that his Eighth Amendment claim cannot be dismissed by this Court. Further, even if he had alleged a state common law claim against Defendant Thomas, a federal court may decline to hear that claim if the court dismisses all other claims over which it has original jurisdiction. Therefore, Plaintiff's objection is overruled.

### E. Plaintiff's Generalized Objections

Finally, Plaintiff raises several general objections to the R&R. This Court is not required to conduct a *de novo* review when Plaintiff makes general and conclusory objections." *Orpiano*, 687 F.2d at 47. Plaintiff's nineteenth objection is that the entire R&R violates the Constitution because it does not contain the following language: "[t]he judicial power extend[s] to all cases in law [that] and equity . . ." [ECF #141, p. 14]. Plaintiff provides no legal basis for this general objection, and this objection is therefore summarily overruled. Plaintiff further argues in his twentieth objection that the Magistrate Judge erred in not mentioning any fact he presented in opposition to the summary judgment motion. As previously discussed in this Order, the Magistrate Judge did consider and cite to Plaintiff's

allegations. Therefore, this objection is overruled. Plaintiff's twenty-first objection is that because the R&R "lacks consistency with the law and facts" that he presented, he cannot identify portions of the R&R and the basis for his objections. To the contrary, Plaintiff has raised numerous objections to the R&R, thus indicating Plaintiff's clear comprehension of the R&R. Further, it does not appear that the Magistrate Judge's R&R is inconsistent with the facts as presented by Plaintiff and Defendant in this case, nor does the Magistrate Judge discuss law that is inapplicable to these claims. Accordingly, this objection is overruled.

Plaintiff's twenty-second objection is that the Magistrate Judge's R&R was not specific in terms of his outstanding motions that the Magistrate Judge considered moot. As adequately expressed by the Magistrate Judge, Plaintiff has been transferred from ECI, the institution where several of the Defendants work and the location of the activities or circumstances he sought to enjoin. [ECF #131, p. 3]. Therefore, the Magistrate Judge determined that the motion for a restraining order was moot. Despite this finding, the Magistrate Judge reasoned that under the *Winter* standard, both the motion for a temporary restraining order and a motion for protective order should be denied. This Court, as previously stated, finds that after analyzing *de novo* Plaintiff's motions under the *Winter* standard, both motions warrant denial. Accordingly, Plaintiff's objection is overruled.

Plaintiff's twenty-third objection is that the Magistrate Judge engaged in judicial misconduct through his analysis in the R&R. This Court can find no discernible basis for this objection. Accordingly, this objection is overruled. Plaintiff's final objection is that the Magistrate Judge erred in using the wrong summary judgment standard. Specifically, he argues that Federal Rule of Civil Procedure 56(c) requires the court to "start with the arguments of the moving party (Defendants) and compare them to my summary judgment filings." [ECF # 141, p. 18]. The Magistrate Judge cited to

16

the appropriate summary judgment standard. Defendants filed their motion for summary judgment, arguing that there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Plaintiff's multiple filings do not establish that there is a genuine issue of material fact. Instead, Plaintiff repeatedly re-alleges the same claims as were found in his Complaint. Accordingly, Plaintiff's objection is overruled.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's Objection to the Report and Recommendation, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #131].

**IT IS THEREFORE ORDERED** that both Plaintiff's motion for a temporary restraining order [ECF #117] and motion for protective order [ECF # 119] are **DENIED.  IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [ECF #86] is **GRANTED** in its entirety and that this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Florence, South Carolina                                        s/ R. Bryan Harwell
March 7, 2016                                                   R. Bryan Harwell
                                                               United States District Judge

17